UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RUSSELL LEE WHITE, | Case No. 2:19-cv-08940-SVW-JDE |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| RAYMOND MADDEN, | |
| Respondent. | |

Petitioner Russell Lee White ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254, alleging that California Senate Bill ("SB") 1391[1] should be applied retroactively to his case in the California courts and the failure to resentence him violates his due process and equal protection rights. However, the Petition appears to contain one or more unexhausted claims and

---

[1] In 2018, the California Legislature enacted SB 1391, which raises the minimum age at which a juvenile may be tried in criminal court. SB 1391 "eliminates prosecutors' ability to seek transfer hearings for 14 and 15 year olds, effectively raising the minimum age a child can be tried as an adult from 14 to 16." B.M. v. Superior Court of Riverside Cty., 40 Cal. App. 5th 742, 2019 WL 4853122, at *1 (2019).

is untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed.

## I.

## PROCEDURAL HISTORY

In 2005, in Los Angeles County Superior Court, Petitioner pleaded no contest to robbery, rape, and lewd or lascivious act upon a child who was under fourteen years of age. Pet. at 2; Los Angeles County Superior Court at www.lacourt.org.[2] Petitioner contends he was sentenced to thirty years to life in state prison on May 11, 2005. Pet. at 2. Petitioner did not file an appeal or a petition for review. Pet. at 2-3.

On January 24, 2019, Petitioner collaterally challenged his conviction by filing a habeas petition in the Los Angeles County Superior Court. Pet. at 3, 13, 23-24 (CM/ECF pagination). That petition was denied on February 1, 2019. Id. at 4. 23-24. Petitioner filed a habeas petition in the California Court of Appeal on or about March 18, 2019, which was denied on April 5, 2019. Id. at 4, 26. Petitioner filed a habeas petition in the California Supreme Court on June 13, 2019, and a supplement on September 16, 2019. Id. at 4, 10-18, 30-37; Appellate Courts Case Information at https://appellatecases.courtinfo.ca.gov. That petition was denied on September 25, 2019. Id. at 5, 28. On October 4, 2019,[3] Petitioner constructively filed the instant Petition.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of relevant state and federal court records available electronically. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

[3] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). The Court will afford Petitioner the benefit of the

2

## II.

## DISCUSSION

### A. Petitioner Has Not Exhausted His State Judicial Remedies

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991), modified by Martinez v. Ryan, 566 U.S. 1 (2012); Castille v. Peoples, 489 U.S. 346, 349 (1989).

Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). Here, the Petition, on its face, contains one or more unexhausted claims, rendering it "mixed" and subject to dismissal. Petitioner attached his California Supreme Court habeas petition and supplement to the Petition. In the state supreme court, Petitioner alleged that he was entitled to resentencing under SB 1391. He did not, however, assert that the failure to resentence him

---

mailbox rule and presumes Petitioner gave his Petition to prison authorities on the day the envelope containing the Petition was signed, October 4, 2019.

3

violated his due process or equal protection rights. See Pet. at 12-15, 32-33. Arguably, Petitioner may have intended to raise an equal protection claim by contending that "defendants of nonfinal cases [are] entitled to SB 1391 hearing and in contrast defendants in final cases [are] excluded from equal protection of Senate Bill 1391 mitigating benefits solely based on a procedural directive." Id. at 15. Even affording Petitioner the benefit of every doubt and liberally construing the state habeas petition to raise an equal protection claim, however, the instant Petition remains mixed because Petitioner did not assert a due process claim in the California Supreme Court.

When a Section 2254 petition is determined to be mixed, the petitioner may request to exercise one of various options potentially available to him. In this case, the Court reserves any further action on the exhaustion issue at this time because another defect appears to exist. Namely, for the reasons set forth below, the Petition, on its face, plainly is untimely.

**B.   The Petition is Facially Untimely**

Because the Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). Title 28, United States Code, Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an

4

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1. <u>Unless a Basis for Tolling Existed, Petitioner's Last Day to File His Federal Habeas Petition Was July 10, 2006</u>

Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, as noted, Petitioner pleaded no contest and was sentenced on May 11, 2005. Since Petitioner did not file an appeal, his judgment became final on July 10, 2005 – sixty days later – when the time to file an appeal expired. <u>See</u> Cal. R. Ct. 8.308(a); <u>see also</u> <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1067 (9th Cir. 2006).

To the extent Petitioner may contend he is entitled to a later trigger date based on the enactment of SB 1391, this contention is without merit. Petitioner does not claim he was impeded from filing his federal petition by unconstitutional state action and thereby entitled to a later trigger date under Section 2244(d)(1)(B). "[C]hanges in state law" are not "impediments" as contemplated by Section 2244(d)(1)(B). <u>See</u> <u>Torres v. Johnson</u>, 2015 WL 5025524, at *2 (C.D. Cal. June 1, 2015) (citing <u>Shannon v. Newland</u>, 410 F.3d

1083, 1087-88 (9th Cir. 2005)), report and recommendation accepted by 2015 WL 5031940 (C.D. Cal. Aug. 24, 2015). Similarly, SB 1391 does not give rise to a later start date under Section 2244(d)(1)(C). Section 2244(d)(1)(C) only applies to newly recognized rights by the United States Supreme Court. See Dodd v. United States, 545 U.S. 353, 357-59 (2005) (analyzing similar provision under 28 U.S.C. § 2255); Guerrero v. Rackley, 2018 WL 1305635, at *3 (C.D. Cal. Feb. 12, 2018) ("provision applies only to constitutional rights newly recognized by the United States Supreme Court"), judgment entered by 2018 WL 1305055 (C.D. Cal. Mar. 9, 2018); Shavers v. Fox, 2017 WL 467841, at *4 (N.D. Cal. Feb. 3, 2017) ("only the United States Supreme Court can announce a 'new rule' under 28 U.S.C. § 2244(d)(1)(C)"). SB 1391 is a matter of state law, and as such, does not qualify as "an announcement by the Supreme Court recognizing a new federal constitutional right" triggering a later start date under Section 2244(d)(1)(C). See Young v. Pfeiffer, 2017 WL 8021753, at *4 (C.D. Cal. Dec. 29, 2017) (rejecting contention that the AEDPA statute of limitations ran from the amendment date of state statute), report and recommendation accepted by 2018 WL 1135452 (C.D. Cal. Feb. 26, 2018); Limon v. Santoro, 2016 WL 8809245, at *2 n.2 (C.D. Cal. Dec. 22, 2016) (rejecting contention that new state assembly bill provided a later trigger date under the AEDPA because "a new state law does not meet the requirements of 28 U.S.C. § 2244(d)(1)(C)"), report and recommendation accepted by 2017 WL 1528775 (C.D. Cal. Apr. 21, 2017). Finally, under Section 2244(d)(1)(D), the statute of limitations runs from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The "factual predicate" in Section 2244(d)(1)(D) does not encompass mere changes in state law. See Shannon, 410 F.3d at 1088-89 ("If a change in (or clarification of) state law, by a state court, in a case in which [the petitioner] was not a party, could qualify

as a 'factual predicate,' then the term 'factual' would be meaningless"); cf. Guerrero, 2018 WL 1305635, at *3 ("a state court decision does not constitute a 'factual predicate' for a federal claim permitting a delayed accrual date under 28 U.S.C. § 2244(d)(1)(D)").

Thus, Petitioner's conviction became final on July 10, 2005, and the limitations period expired one year later on July 10, 2006. Petitioner did not constructively file his Petition until October 4, 2019. Thus, absent tolling, the Petition is untimely by over thirteen years.

The burden of demonstrating that the AEDPA's one-year limitations period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed herein, Petitioner has not demonstrated he is entitled to any tolling.

### 2. Statutory Tolling Does Not Render the Petition Timely

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date a judgment becomes final and the date the petitioner files his first state collateral challenge because during that time there is no case "pending." See Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012).

Here, Petitioner is not entitled to any statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2) as Petitioner constructively filed his first state habeas petition challenging his conviction on or about January 24, 2019 – after the expiration of the statute of limitations. Once the limitations period expired, it could not be reinitiated. See Ferguson v. Palmateer, 321 F.3d 820,

823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Thus, statutory tolling does not appear to render the Petition timely.

### 3. Equitable Tolling Does Not Render the Petition Timely

In addition to statutory tolling, the AEDPA's one-year limitations period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. The "threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." See Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended).

Here, Petitioner has not asserted any facts that might warrant equitable tolling, or otherwise shown that some extraordinary circumstance prevented him from timely filing his Petition. To the extent Petitioner may contend that the enactment of SB 1391 warrants equitable tolling, such change in law does not constitute the requisite extraordinary circumstance warranting equitable tolling. See Shannon, 410 F.3d at 1089-90 (rejecting contention that the time between petitioner's conviction and a state court decision clarifying state law should be equitably tolled); Guerrero, 2018 WL 1305635, at *3 (new decision of the state supreme court on a matter of state law "cannot equitably toll the statute of limitations"). Accordingly, equitable tolling does not appear to render the Petition timely.

# III.
# ORDER

For the foregoing reasons, the Petition, as submitted, appears untimely. District courts are permitted to consider, sua sponte, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. Day v. McDonough, 547 U.S. 198, 209-10 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012).

Therefore, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely. By no later than December 4, 2019, Petitioner shall file a written response to this Order. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, provide all relevant dates, and provide any available competent evidence that establishes the timeliness of this action.

Instead of filing a response to this Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. However, the Court warns that any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1).

Petitioner is explicitly cautioned that the failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).

Dated: November 04, 2019

JOHN D. EARLY
United States Magistrate Judge