UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RUSSELL LEE WHITE, <br> Petitioner, <br> v. <br> RAYMOND MADDEN, <br> Respondent. | Case No. 2:19-cv-08940-SVW-JDE <br><br> ORDER SUMMARILY DISMISSING PETITION |

Petitioner Russell Lee White ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254, alleging that failure to apply California Senate Bill ("SB") 1391[1] retroactively and resentence him violates his due process and equal protection rights. Dkt. 1. As the Petition appeared to be untimely on its face, Petitioner was ordered to show cause why this action should not be dismissed. Having considered Petitioner's response, for the reasons discussed below, the Court summarily dismisses the Petition as untimely.

---

[1] In 2018, the California Legislature enacted SB 1391, which raises the minimum age at which a juvenile may be tried in criminal court. SB 1391 "eliminates prosecutors' ability to seek transfer hearings for 14 and 15 year olds, effectively raising the minimum age a child can be tried as an adult from 14 to 16." B.M. v. Superior Court of Riverside Cty., 40 Cal. App. 5th 742, 746 (2019).

# I.

# PROCEDURAL HISTORY

In 2005, in Los Angeles County Superior Court, Petitioner pleaded no contest to robbery, rape, and lewd or lascivious act upon a child who was under fourteen years of age. Pet. at 2 (CM/ECF pagination); Los Angeles County Superior Court ("LASC") at www.lacourt.org.[2] Petitioner contends he was sentenced to thirty years to life in state prison on May 11, 2005. Pet. at 2. Petitioner did not file an appeal or a petition for review. Pet. at 2-3.

On or about January 24, 2019, Petitioner collaterally challenged his conviction by filing a habeas petition in the superior court. Pet. at 3, 13, 23-24. That petition was denied on February 1, 2019. Id. at 4, 23-24. Petitioner then filed a habeas petition in the California Court of Appeal on or about March 18, 2019, which was denied on April 5, 2019. Id. at 4, 26. Petitioner next filed a habeas petition in the California Supreme Court on or about June 13, 2019, and a supplement on or about September 16, 2019. Id. at 4, 10-18, 30-37; Appellate Courts Case Information at https://appellatecases.courtinfo.ca.gov. That petition was denied on September 25, 2019. Pet. at 5, 28.

On October 4, 2019,[3] Petitioner constructively filed the instant Petition. On November 4, 2019, the assigned Magistrate Judge issued an Order to Show

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of relevant state and federal court records available electronically. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

[3] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). The Court will afford Petitioner the benefit of the mailbox rule and presumes Petitioner gave his Petition to prison authorities on the day the envelope containing the Petition was signed, October 4, 2019.

Cause, explaining that the Petition appeared to contain one or more unexhausted claims and was untimely on its face. Dkt. 6 ("OSC"). After explaining why the Petition appeared untimely, the Court ordered Petitioner to show cause why the action should not be dismissed as untimely. Id. Petitioner filed his response to the OSC on November 25, 2019. Dkt. 7 ("Reply").

## II.
## DISCUSSION

As the Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

Title 28, United States Code, Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

|   |   |
|---|---|
| 1 | (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |

Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, as noted, Petitioner pleaded no contest and was sentenced on May 11, 2005. Since Petitioner did not file an appeal, his judgment became final on July 10, 2005 – sixty days later – when the time to file an appeal expired. See Cal. R. Ct. 8.308(a); see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).

Petitioner does not contend he is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(B)-(D), and the Court finds no basis for such. As explained in the OSC, the enactment of SB 1391 does not give rise to a later start date under Section 2244(d)(1)(B) because "changes in state law" are not "impediments" as contemplated by Section 2244(d)(1)(B). See Torres v. Johnson, 2015 WL 5025524, at *2 (C.D. Cal. June 1, 2015) (citing Shannon v. Newland, 410 F.3d 1083, 1087-88 (9th Cir. 2005)), report and recommendation accepted by 2015 WL 5031940 (C.D. Cal. Aug. 24, 2015). Section 2244(d)(1)(C) only applies to newly recognized rights by the United States Supreme Court. See Dodd v. United States, 545 U.S. 353, 357-59 (2005) (analyzing similar provision under 28 U.S.C. § 2255); Guerrero v. Rackley, 2018 WL 1305635, at *3 (C.D. Cal. Feb. 12, 2018) ("provision applies only to constitutional rights newly recognized by the United States Supreme Court"), judgment entered by 2018 WL 1305055 (C.D. Cal. Mar. 9, 2018); Shavers v. Fox, 2017 WL 467841, at *4 (N.D. Cal. Feb. 3, 2017) ("only the United States Supreme Court can announce a 'new rule' under 28 U.S.C. § 2244(d)(1)(C)"). SB 1391 is a matter of state law, and as such, does not qualify as "an

announcement by the Supreme Court recognizing a new federal constitutional right" triggering a later start date under Section 2244(d)(1)(C). See Young v. Pfeiffer, 2017 WL 8021753, at *4 (C.D. Cal. Dec. 29, 2017) (rejecting contention that the AEDPA statute of limitations ran from the amendment date of state statute), report and recommendation accepted by 2018 WL 1135452 (C.D. Cal. Feb. 26, 2018); Limon v. Santoro, 2016 WL 8809245, at *2 n.2 (C.D. Cal. Dec. 22, 2016) (rejecting contention that new state assembly bill provided a later trigger date under the AEDPA because "a new state law does not meet the requirements of 28 U.S.C. § 2244(d)(1)(C)"), report and recommendation accepted by 2017 WL 1528775 (C.D. Cal. Apr. 21, 2017). Finally, under Section 2244(d)(1)(D), the statute of limitations runs from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The "factual predicate" in Section 2244(d)(1)(D) does not encompass mere changes in state law. See Shannon, 410 F.3d at 1088-89 ("If a change in (or clarification of) state law, by a state court, in a case in which [the petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless"); cf. Guerrero, 2018 WL 1305635, at *3 ("a state court decision does not constitute a 'factual predicate' for a federal claim permitting a delayed accrual date under 28 U.S.C. § 2244(d)(1)(D)").

As such, Petitioner's conviction became final on July 10, 2005, and the limitations period expired one year later on July 10, 2006. Petitioner did not constructively file his Petition until October 4, 2019. Thus, absent tolling, the Petition is untimely by over thirteen years.

The burden of demonstrating that the AEDPA's one-year limitations period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009); Miranda v. Castro, 292 F.3d

1063, 1065 (9th Cir. 2002). For the reasons discussed herein, Petitioner has not demonstrated he is entitled to any tolling.

A. **Statutory Tolling Does Not Render the Petition Timely**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date a judgment becomes final and the date the petitioner files his first state collateral challenge because during that time there is no case "pending." See Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012).

Here, Petitioner is not entitled to any statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2) as Petitioner constructively filed his first state habeas petition challenging his conviction on or about January 24, 2019 – after the expiration of the statute of limitations. Once the limitations period expired, it could not be reinitiated. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Thus, statutory tolling does not render the Petition timely.

B. **Equitable Tolling Does Not Render the Petition Timely**

In addition to statutory tolling, the AEDPA's one-year limitations period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. The "threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted). A court may grant equitable

tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." See Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended).

Here, Petitioner has not asserted any facts that might warrant equitable tolling, or otherwise shown that some extraordinary circumstance prevented him from timely filing his Petition. To the extent Petitioner contends that he is entitled to equitable tolling because :(1) "he did not have any knowledge nor understanding of court proceedings" "due to his age at the time of [his] offense"; (2) he did not "have any awareness of his right to appeal, or the process to go about such action as it was never explained to [him] upon the acceptance of [his] plea agreement, by [his] public defender," and (3) SB 1391 was only recently enacted (Reply at 3-5), none of these contentions warrant equitable tolling.

First, it is well-established that a petitioner's educational deficiencies, ignorance of the law, and lack of legal expertise are not extraordinary circumstances and therefore, do not equitably toll the limitations period. See Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Gazzeny v. Yates, 2009 WL 294199, at *7 (C.D. Cal. Feb. 4, 2009). Further, while Petitioner refers to his youth at the time of the offense, he would have turned eighteen years before he filed his first state habeas petition in 2019. See Reply at 4 (indicating that he was fourteen years old at the time of his offense); LASC (reflecting that the offenses were committed in 2002 and 2004). Petitioner does not explain his lack of diligence in pursuing his rights in the years since he became an adult. As such, Petitioner's juvenile status at the time of the offense does not warrant equitable tolling. See Cooks v. McDonald, 2012 WL 3248258, at *5-6 (C.D. Cal. Apr.

20, 2012) (concluding that petitioner was not entitled to equitable tolling because he was a juvenile and housed in juvenile hall when he was sentenced), report and recommendation accepted by 2012 WL 3248259 (C.D. Cal. Aug. 5, 2012); Felix v. McDaniel, 2012 WL 666742, at *9 (D. Nev. Feb. 29, 2012) (rejecting contention that petitioner's age and lack of formal education warranted equitable tolling and concluding that [i]f being in one's twenties served as part of the predicate for equitable tolling, then the AEDPA one-year limitation period would be rendered largely dead letter").

In addition, Petitioner is not entitled to equitable tolling based on trial counsel's failure to advise him of a right to appeal. Although the Ninth Circuit has recognized that "where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations," Spitsyn, 345 F.3d at 800, an attorney's mistake or negligence does not constitute an extraordinary circumstance justifying equitable tolling. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007); Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010) (as amended) (counsel's failure to perfect appeal and incorrect advice regarding state filing deadline did not prevent petitioner from filing a timely federal petition); Spitsyn, 345 F.3d at 800; Hollis v. Allison, 2012 WL 218930, at *5 (E.D. Cal. Jan. 24, 2012) (petitioner's claim that his trial attorney failed to inform him in a timely fashion of his right to appeal did not constitute gross or extraordinary misconduct); Perez v. Hedgpeth, 2009 WL 174145, at *5 (E.D. Cal. Jan. 23, 2009) (trial counsel's failure to advise petitioner, who pleaded guilty, of right to appeal and/or ability to seek collateral review does not present an extraordinary circumstance justifying equitable tolling). Here, Petitioner has not shown that his attorney's conduct was sufficiently egregious or prevented him from timely filing a federal habeas petition, particularly where, as here, he pleaded no contest. See Holland, 560 U.S. at 649; Cal. Penal Code § 1237.5

(describing limited circumstances under which a defendant may appeal from a judgment of conviction upon a plea of guilty or nolo contendere). Petitioner has demonstrated no causal connection between his counsel's failure to advise him of a right to appeal and his failure to timely file his federal habeas petition. Sandahl v. Davis, 2015 WL 391876, at*4 (C.D. Cal. Jan. 28, 2015). Indeed, as Petitioner acknowledges, he did not intend to seek further relief after he pleaded no contest. Reply at 2 (explaining that he "has no good explanation why he waited 13 plus year to file a petition" "[o]ther than, [he] gave up trying to reduce [his] time when [he] took [his] deal" and "had no hope of going home early until Senate Bill 1391 passed"). The failure of counsel to advise Petitioner of a right to appeal "simply meant that [he] had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action-[counsel] did not prevent him from filing the petition." Sandahl, 2015 WL 391876, at *4 (quoting Randle, 604 F.3d at 1058). Accordingly, Petitioner is not entitled to equitable tolling based on his trial counsel's failure to advise him of a right to appeal. See Hodo v. Allison, 2011 WL 6817452, at *4 (C.D. Cal. Nov. 17, 2011) (trial counsel's failure to advise petitioner of a right to appeal, when he did not necessarily have such a right in light of his guilty plea, did not qualify as an extraordinary circumstance justifying equitable tolling), report and recommendation accepted by 2011 WL 6822115 (C.D. Cal. Dec. 27, 2011); Vardanyan v. Jackson, 2011 WL 7039945, at *7 (C.D. Cal. Sept. 13, 2011) ("neither attorney negligence in purportedly failing to inform petitioner of his right to appeal nor the trial court's failure to so advise constitutes the type of extraordinary circumstances required to justify equitable tolling"), report and recommendation accepted by 2012 WL 122814 (C.D. Cal. Jan. 13, 2012); Walker v. Yates, 2010 WL 358841, at *4 (C.D. Cal. Jan.28, 2010) (finding that petitioner was not entitled to equitable tolling based on the failure of trial counsel to advise him that he had the right to appeal his

sentence after he entered into a plea agreement to which he affirmatively agreed to the sentence imposed).

Finally, Petitioner is not entitled to equitable tolling based on the recent enactment of SB 1391. Such change in law does not constitute the requisite extraordinary circumstance warranting equitable tolling. See Shannon, 410 F.3d at 1089-90 (rejecting contention that the time between petitioner's conviction and a state court decision clarifying state law should be equitably tolled); Guerrero, 2018 WL 1305635, at *3 (new decision of the state supreme court on a matter of state law "cannot equitably toll the statute of limitations").

Accordingly, equitable tolling does not render the Petition timely.

## C. Petitioner Has Not Alleged a Fundamental Miscarriage of Justice

Finally, to the extent Petitioner contends that his claim should be heard to avoid a "miscarriage of justice" (see Reply at 1, 3, 5), this contention is unavailing. The "miscarriage of justice" exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]." McQuiggin v. Perkins, 569 U.S. 383, 394-95 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); Johnson v. Knowles, 541 F.3d 933, 937 (9th Cir. 2008) ("the miscarriage of justice exception is limited to those extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt."); Matthews v. Rackley, 2017 WL 6055809, at *6 (E.D. Cal. Dec. 7, 2017) ("the 'miscarriage of justice' exception is limited to petitioners who can show, based on 'new reliable evidence,' that '"a constitutional violation has probably resulted in the conviction of one who is actually innocent."'" (quoting Schlup, 513 U.S. at 324-27); Couser v. Wilson, 2012 WL 7964250, at *6 (C.D. Cal. June 12, 2012), report and recommendation accepted by 2013 WL 1680132 (C.D. Cal. Apr. 17, 2013); Falla v. Rackley, 2017 WL 6371327, at *5 n.4 (E.D. Cal. Dec. 13,

2017). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Schlup, 513 U.S. at 316. Petitioner has not made this showing. Petitioner has not pointed to, nor convincingly argued, that new evidence would make it more likely than not that no reasonable juror would have found him guilty. Petitioner is not entitled to relief under the rare "miscarriage of justice" exception.

## III.
## ORDER

IT IS THEREFORE ORDERED THAT this action be summarily dismissed with prejudice for the reasons stated herein and judgement shall be entered accordingly.

Dated: December 19, 2019

_____
STEPHEN V. WILSON
United States District Judge

Presented By:

_____
JOHN D. EARLY
United States Magistrate Judge

11